### S. P. SCOTT v. WM. J. McCULLOCH, Administrator.

A bill of exchange was put in circulation before its maturity; was protested five days after it had become due, and was transferred to the plaintiff after its dishonor. The evidence also showing that the acceptors had failed before the maturity of the note, and that the transferrers of the plaintiff had likewise suspended before the transfer. It appearing further that the acceptors had, prior to the maturity of the bill, disposed of land scrips amply sufficient to cover it (the bill being based on land scrips in the hands of the acceptors) ; and that the bill had been made for the accommodation of the acceptors, although this last circumstance was not known to the plaintiff and his transferrers, *Held:* That the drawer was entitled to a seasonable notice, and is, therefore, by its omission, discharged.

APPEAL from the District Court of the Parish of E. Baton Rouge, *Avery*, J. J. D. *Stewart*, for plaintiff. H. M. *Favrot*, for defendant.

DUFFEL, J. The estate of *J. Claxton Taylor* is sued on the following bill of exchange.

"Exchange for $2,360. Baton Rouge, La., June 15th 1854. Six months after date of this first of exchange (second unpaid) pay to the order of myself, two thousand three hundred and sixty dollars, value received, and charge the same to account of Louisiana land scrips. (Signed) *J. Claxton Taylor*. To *Messrs Horace Bean & Co.*, New Orleans.

Accepted, New Orleans, *Horace Bean & Co.* (endorsed) *J. Claxton Taylor, James H. Mulford & Co.*"

The evidence shows that the above bill was put in circulation before its maturity, was protested five days after it had become due, and was transferred to the plaintiff after its dishonor. The evidence also shows that the acceptors had failed before the maturity of the note, and that the transferrers of the plaintiff had likewise suspended before such transfer. It appears further that the acceptors had, prior to the maturity of the bill, disposed of land scrips to an amount amply sufficient to cover it ; and that the bill of exchange had been made for the accommodation of the acceptors, although this last circumstance was not known to the plaintiff and to his transferrers.

From the above facts of the case, we are of opinion, that the drawer was entitled to a seasonable notice, and is, therefore, by its omission, discharged. Edwards on Bills, &c., p. 636 to 647. *Whaley* v. *Houston*, 12 An. 585. *Bank of Louisiana* v. *Morgan et al.*, 13 An. 598. *Succession of J. J. Kercheval.* 14 An., 457.

The failure to make a presentment for payment at maturity, did not depend on any moral or physical impossibility, but may, with propriety, be attributable to the fault of the holder.

Judgment affirmed.

MERRICK, C. J., absent.